RECEIVED
OCT 27 2025
U.S. DISTRICT COURT
MIDDLE DISTRICT OF TN

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE

Aliyah Davis

Plaintiff,

V.

Old Hickory Credit Union, Downtown Nashville Nissan et al.,

Defendants.

Case No:

Judge:                 Waverly D. Crenshaw, JR. United States District Judge

**COMPLAINT**          **JURY DEMAND**

## I. INTRODUCTORY STATEMENT

Plaintiff, Aliyah Davis, appearing Pro SE, files this amended complaint against defendants Old Hickory Credit Union and Downtown Nashville Nissan and alleges the following:

1. This action arises under the Truth in Lending Act (TILA) and the Fair Credit Reporting Act(FCRA).

2. Plaintiff alleges that defendants violated TILA by failing to provide accurate and complete disclosures in connection with a

1

consumer credit transaction involving the purchase and financing of a motor vehicle.

3. Plaintiff further alleges that defendants violated the FCRA by obtaining and/or using Plaintiff's consumer credit information without proper authorization and/or by furnishing inaccurate credit information and failing to properly investigate and correct disputed information to consumer reporting agencies.

4. Plaintiff's application to proceed in Forma Pauperis was previously granted by this court.

5. As a result of these violations, Plaintiff seeks Statutory damages, Actual damages, costs, and any other relief the court deems just and proper.

## II. JURISDICTION AND VENUE

6. This court has subject matter Jurisdiction over this action pursuant to 28. U.S.C §1331, because this action arises under the laws of the United States, including the Truth In Lending Act(TILA), 15 U.S.C §1601, et seq., and the Fair Credit Reporting Act 15 U.S.C §1681 et seq.

7. Venue is proper in this district pursuant to 28 U.S.C §1391(b) because a substantial part of the events or omissions giving rise

2

to the claims occurred in this Judicial district, and both defendants conduct business or reside in this district.

## III. PARTIES

8. Plaintiff Aliyah Davis is a natural person who resided in Tennessee at the time of the events giving rise to this complaint. Venue is proper in Tennessee because the events occurred there and defendants are located in this district. Plaintiff is proceeding Pro SE and has been granted leave to proceed in Forma Pauperis in this action.
9. Defendant Old Hickory Credit Union is a Financial Institution organized under the laws of Portland, Tennessee, with its principal place of business located at 103 Kirby Dr, Portland TN 37148. Upon information and belief, Downtown Nashville Nissan regularly engages in the sale and finance of vehicles in this judicial district.

## IV. FACTUAL ALLEGATIONS

1. Initial visit to dealership

- On November 29, 2021, Plaintiff visited Downtown Nashville Nissan to inquire about purchasing a vehicle

- Plaintiff met with a sales associate who collected Plaintiff's personal and financial information in order to begin the application process for vehicle financing

- The sales associate returned with the sales manager, identified as Charlie Walters, who informed Plaintiff that financing could be approved only with a co-signer.

3

- Plaintiff informed the dealership that no co-signer was available and subsequently left the dealership.

2. Unsolicited contact and meeting

    - Later that evening, Mr. Walters contacted Plaintiff via his personal cell phone and requested an in-person meeting at Eddie V's Prime Seafood, a high-end restaurant in Nashville.

    - Plaintiff met Mr. Walters at approximately 7:30 PM. During the meeting, Mr. Walters ordered food and alcoholic beverages including lemon drop cocktails.

    - Mr. Walters and Plaintiff discussed personal topics, including religious beliefs, which led Plaintiff to feel comfortable and trusting of Mr. Walters.

    - During this meeting, Mr. Walters offered to pay Plaintiff's down payment for the vehicle and instructed Plaintiff to return to the Dealership the following day to take delivery of the car.

    - Plaintiff, a struggling college student at the time, believed this was a generous act and a fortunate opportunity, failing to recognize the predatory nature of the offer.

3. Vehicle delivery without documentation

- On November 30, 2021, Mr. Walters called Plaintiff and confirmed that Plaintiff could now come and pick up the vehicle.

- Plaintiff took possession of the vehicle on that date but was not provided any documentation, including a signed retail installment contract, Financing terms( such as APR or monthly payment amount), payment schedule or amortization, any Truth In Lending Act disclosures.

- Plaintiff only paid for Auto insurance coverage in order to drive the vehicle off the lot.

4. Inconsistent transaction dates and missing signatures

    - Plaintiff's Tennessee Vehicle Title and Registration record lists the purchase date as November 30,2021, the same day Plaintiff received possession of the car.

    - However, The retail installment sale contract is dated nearly three weeks later, on December 20, 2021, and does not reflect Plaintiffs signature at the time of possession.

- **The contract includes references to a Co-buyer, but the Co-buyer signature fields are blank, further highlighting inconsistencies in the transaction.**
- **Plaintiff Asserts that no Co-buyer was involved and no paper work was signed at the time of delivery.**

5. **Credit reporting and disputes**

    - **Plaintiff entered into Pre-litigation discussions with the alleged creditor, Old Hickory Credit Union, regarding the account**
    - **On January 9, 2025, Plaintiff sent a formal written dispute to Old Hickory Credit Union and Downtown Nashville Nissan concerning the account and alleged deficiencies in the transaction.**
    - **Despite receiving this dispute, Old Hickory Credit Union failed to mark the account as disputed on Plaintiff's credit reports, and failed to reasonably investigate and correct the dispute as required by 15 U.S.C §1681s-2(b)**

6. **Filing of Initial Legal Complaint**

- On March 3, 2025, Plaintiff Filed a complaint in the Metropolitan General Sessions Court of Davidson County, Tennessee citing violations of:
- The Fair Credit Reporting Act, including §1681s-2(b)(3)(Duty to report a dispute);
- The Truth In Lending Act, including 15 U.S.C §1601(b)( Purpose and disclosure requirements)
- Plaintiff sought: Removal of the Tradeline; Damages in the amount of $9,000 based on the Finance charge of $9,861.93 and the discrepancy in the total of payments disclosed.

7. Repossession and continued harm
   - While in ongoing discussions with Old Hickory Credit Union, the vehicle was repossessed on July 16th, 2025 without prior notice.
   - Plaintiff did not receive: A notice of right to cure or redeem a notice of sale or predisposition letter, as required by the applicable law.
   - The lack of such notices is commercially unreasonable and further deprived Plaintiff of due process and statutory protections.

8. Post-Repossession account increases and reporting discrepancies

- Following the repossession, Old Hickory Credit Union increased the alleged balance of the automotive account by approximately $905 from $21,985 to $23,890

- Credit reporting as of May 8, 2025 reflects the following inconsistencies:

- Experian and Transunion show a balance of $17,127

- Equifax reports a balance of $14,430

- These inconsistencies along with failure to mark the Tradeline as disputed, further support Plaintiff's claims under the FCRA and Truth In Lending Act.

## V. CAUSES OF ACTION

Count I: Violation of the Fair Credit Reporting Act(FCRA) 15 U.S.C §1681s-2(b) against defendant Old Hickory Credit Union

1. Plaintiff Incorporates by reference all preceding paragraphs as if fully set forth herein.

2. Under 15 U.S.C 1681s-2(a)(3), a furnisher of credit information must notify Credit Reporting Agencies(CRAs) that a Tradeline is disputed by the consumer.

8

3. On January 9, 2025, Plaintiff submitted a formal written dispute to both Old Hickory Credit Union and Downtown Nashville Nissan regarding the inaccuracies and deficiencies in the transaction and credit reporting, in violation of §1681s-2(b).

4. Despite receipt of the dispute, Old Hickory Credit Union failed to mark the Tradeline as "disputed" on Plaintiff's credit reports in violation of §1681s-2(a)(3).

5. Plaintiff also disputed with the CRAs (Equifax,Experian,Transunion)

6. Additionally, Old Hickory Credit Union failed to reasonably investigate the dispute and correct the reporting, in violation of 1681s-2(b).

7. As a direct and proximate result of these violations, Plaintiff suffered harm, including damage to credit reputation, emotional distress and financial loss.

8. Plaintiff seeks actual, statutory, and punitive damages, attorneys' fees and all other relief available under 15 U.S.C §1681n and §1681o.

**Count II: Violation of the Truth In Lending Act (TILA)**

15 U.S.C §1601 et seq. Against Downtown Nashville Nissan and Old Hickory Credit Union.

9

1. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

2. TILA requires that clear and conspicuous disclosures be made to consumers prior to the consummation of a Credit Transaction, including the APR, Finance charge, Total of Payments and Payment schedule.

3. Plaintiff took possession of the vehicle on or about November 30, 2021, without being provided with any such required disclosures or a copy of the retail installment contract under 15 U.S.C §1638 and Regulation Z.

4. The contract purporting to govern the transaction is dated nearly three weeks later, on December 20, 2021 and is misrepresenting Plaintiff's signature, further indicating that disclosures were not timely made.

5. The contract includes references to a Co-buyer that does not exist and contains inconsistent or inaccurate financial terms.

6. Plaintiff seeks statutory damages, actual damages based on the Finance charge($9,861.93) and attorney fees pursuant to 15 U.S.C §1640

**Count III: Wrongful Repossession/ Violation of UCC and Tennessee Law against Old Hickory Credit Union**

1. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

2. On July 16, 2025, Defendant repossessed Plaintiff's vehicle without providing the required pre-sale notices.

3. Plaintiff did not receive a notice of right to cure, notice of sale, or Post Repossession disposition letter.

4. These omissions isolate Tenn. Code Ann. §47-9-611 to §47-9-614 and the UCC's requirements for commercially reasonable disposition of collateral.

5. As a result of the wrongful repossession, Plaintiff suffered loss of the vehicle, emotional distress, and financial harm.

6. Plaintiff seeks damages, including for the value of the vehicle, consequential damages, and any deficiency balance claimed should be offset or voided.

**Count IV: Fraudulent misrepresentation/ Fraud in the inducement**

**Against Downtown Nashville Nissan and Charlie Walters**

1. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

11

2. **Defendant Walters, acting as agent for Downtown Nashville Nissan, made material misrepresentations during the November 29-30, 2021 interactions, including offering and paying Plaintiffs down payment and falsely representing that financing had been arranged.**

3. **Defendant knew or should have known these representations were false and made them with the intent to induce Plaintiff to accept delivery of the vehicle without a signed agreement.**

4. **Plaintiff reasonably relied on these statements, especially given the personal nature of the interaction and undue influence during the meeting at Eddie V's.**

5. **Plaintiff was harmed by relying on these false statements and entering into an unconscionable and undisclosed financial obligation.**

6. **Plaintiff seeks compensatory and punitive damages for fraud.**

## Count V: Unjust Enrichment against Old Hickory Credit Union and Downtown Nashville Nissan

1. **Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.**

2. **Defendants obtained a benefit- The sale of the vehicle and financing- while failing to provide Plaintiff with required disclosures, notices, or a valid contract.**

3. **It would be inequitable to allow defendants to retain the benefits conferred while Plaintiff received none of the protections of the law.**

4. **Plaintiff seeks restitution and disgorgement of any unjust gains**

**Count VI: Violation of the Tennessee Consumer Protection Act (TCPA)**

1. **Actual damages in an amount to be proved at Trial, including but not limited to:**
   - **Finance charges improperly disclosed or assessed;**
   - **Emotional distress and reputational harm due to false credit reporting;**
   - **Loss of use of the vehicle and related economic harm;**
   - **Any deficiency balance claimed following the repossession**

2. **Statutory damages as allowed by law including:**
   - **Under the Fair Credit Reporting Act(15 U.S.C §1681n and §1681o);**
   - **Under the Truth In Lending Act( 15 U.S.C §1640);**

- Under the Tennessee Consumer Protection Act(Tenn. Code Ann §47-18-109)

3. Treble damages under the Tennessee Consumer Protection Act for willful or knowing violations

4. Punitive damages for fraudulent misrepresentations and malicious, deceptive conduct.

5. Restitution or disgorgement of funds wrongfully obtained by defendants through unjust enrichment

6. Rescission or declaratory relief, declaring the contract void or unenforceable due to lack of valid consent, statutory violations, or fraud

7. Injunctive relief, including:

    - Removal or correction of all inaccurate tradelines tradelines related to the vehicle account
    - An order enjoining defendants from further reporting or collecting on the account;
    - An order requiring defendants to comply with all applicable consumer protection laws moving forward.

- Attorney's fees and costs pursuant to applicable statuses, including 15 U.S.C §1681n, §1640(a)(3) and Tenn Code Ann §47-18-109

8. Tenn. Code Ann §47-18-101 et seq. Against Downtown Nashville Nissan and Charlie Walters

9. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

10. Defendants engaged in deceptive acts and practices in the conduct of trade and commerce, including:
    - Misrepresenting financing arrangements;
    - Failing to disclose material terms of the vehicle sale;
    - Delivering a vehicle without contractual documents;
    - Falsely including a non existent Co-buyer;
    - Predatory tactics toward a financially vulnerable college student.

11. These acts constitute unfair and deceptive practices under the TCPA

    4. Plaintiff suffered as certainable losses as a result

    5. Plaintiff seeks damages, Treble damages, (If willfulness is shown) and attorney fees pursuant to the TCPA.

    - Declaratory and Injunctive relief against all defendants

12. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein

13. A justiciable controversy exists as to the validity of the vehicle sale and finance agreement

14. Plaintiff seeks a judicial declaration that the contract is void, unenforceable, or subject to rescission due to statutory violations, fraud, and lack of consent.

15. Plaintiff further seeks an order enjoining further credit reporting and collection on the account

VII: Prayer for relief

Wherefore, Plaintiff respectfully requests that this court enter judgement in Plaintiffs favor and against defendants and grant the following relief:

- Actual damages as permitted by FCRA, TILA, and TCPA;

- Statutory damages as permitted by FCRA, TILA, and TCPA;

- Treble damages under the TCPA for willful or knowing violations;

- Punitive damages for fraud and malicious conduct;

- Restitution/ disgorgement or unjust gains;

16

- Declaratory judgement that the contract is void or unenforceable;

- Injunctive relief to correct/remove inaccurate tradelines and prohibit further unlawful reporting/ collection;

- Attorneys' fees and costs( if applicable by statute)

- Pre and post judgement interest as allowed by law;

- Such other relief as the court deems just and proper

DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the federal rules of civil procedure, Plaintiff hereby demands a trial by jury on all issues so triable

Respectfully submitted,

Aliyah Davis
1415 Venus CT #101
Evansville, IN 47711
404-966-6631
Aliyahdavis122@gmail.com

